FILED
MISSOULA, MT

2006 APR 24 PM 4 20

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| THE WILDERNESS SOCIETY; AMERICAN WILDLANDS; and PACIFIC RIVERS COUNCIL, | ) ) ) ) | CV 03-119-M-DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| MARK REY, Under Secretary of Agriculture, Natural Resources and Environment; ANN VENEMAN, Secretary of Agriculture; and DALE BOSWORTH, Chief, United States Forest Service, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The Court has accepted Plaintiffs' amended complaint, which correctly asserts jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 701 et seq (2000). Accordingly, the Court must now settle the merits of the motions for summary judgment and its April 3, 2006 Order.

In the Order the Court found the three contested

regulations, 36 C.F.R. §§ 215.20(b), 215.12(f), and 215.13(a) invalid because they are contrary to the 1992 Forest Service Decisionmaking & Appeals Reform Act (ARA). Since the Order, the Plaintiffs and Defendants have noted a decision from the United States District Court for the Eastern District of California. *See Earth Island Inst. v. Pengilly*, 376 F.2d 994 (E.D. Cal. 2005). The *Earth Island* court found §§ 215.20(b) and 215.12(f) invalid and has severed them from the Forest Service Regulations. *Id* at 1011. The *Earth Island* court clarified that this applied on a nationwide basis in its September 16, 2005 Order. Based on the decision in California, Plaintiffs have requested declaratory relief on these statutes.

The issue of § 215.13(a) remains. Defendants note the *Earth Island* plaintiffs have cross-appealed § 215.13(a). Accordingly, Defendants request the Court grant declaratory relief in this regard as well and if the Court should choose to grant an injunction, it should limit it to Montana. Defendants are wrong on both points.

The Court explained its reasoning for the invalidity of the regulation and the need for an injunction in its April 2006 Order. That decision stands. Defendants assert that the scope should be limited to Montana under the doctrine of "nonacquiescence"; whereby, limiting the decision to Montana will allow different circuits to rule on the issue forming a broader

base of case law for Supreme Court consideration. *See United States V. Mendoza*, 464 U.S. 154 (1984); *Hart v. Massanari*, 266 F.3d 1155 (9th Cir. 2001). Defendants final point is the limit on scope will not prejudice Plaintiffs because they can reassert their rights in other jurisdictions as necessary.

Because this regulation addresses an interested party's ability to appeal Forest Service decisions, this issue is not limited solely to Montana. The concept of nonacquiescence does not trump providing the prevailing party the relief to which it is entitled. The decision must provide the "breadth" necessary to ensure the relief is adequate. *Bresgal v. Brock*, 843 F.2d 1153, 1170-71 (9th Cir. 1987). The Congress intended for parties to enjoy expansive rights to appeal Forest Service decision; consequently, a nationwide injunction will not "be more burdensome than necessary." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

As Plaintiffs suggest, this Order will cause the previous regulation, 36 C.F.R. § 215.11(a) to take effect. *See Paulsen v. Daniels*, 413 F.3d 999 (9th Cir. 2005).

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for summary judgment (dkt #26) is hereby GRANTED. In consideration of the *Earth Island* decision, Plaintiffs are GRANTED declaratory relief regarding 36 C.F.R. §§ 215.12(f) and

215.20(b), which are invalid regulations and contrary to the ARA.

IT IS FURTHER ORDERED that Plaintiffs are GRANTED injunctive relief as to 36 C.F.R. § 215.13(a) because it is invalid and contrary to the ARA as stated in this Court's April 3, 2006 Order. This injunction shall apply on a nationwide basis and takes effect on the date of this Order.

Based on the foregoing, IT IS FURTHER ORDERED that Defendants' motion for summary judgment (dkt #30) is DENIED.

The Clerk of Court is directed to enter Judgment in Plaintiffs' favor.

DATED this 24th day of April, 2006.

_____
Donald W. Molloy, Chief Judge
United States District Court